UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS L. PETERSON, | ) | CASE NO. 4:08 CV 2013 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT L. HERRON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Thomas L. Peterson filed this action under 42 U.S.C. § 1983 against

Columbiana County Prosecutor Robert L. Herron.  In the complaint, plaintiff challenges aspects of

his prosecution.  He seeks monetary damages, "vindication...and adjudication...under federal law."

(Compl. at 3.)

**Background**

Mr. Peterson's complaint is very vague.  It appears that in 2005 and 2006, he was

the defendant in two separate criminal actions.  He was convicted in both cases; however, one of

those convictions was reversed on appeal.  He claims that his "conviction was unduly and lacked

Fifth Amendment demand on evidence" but he does not indicate to which conviction he is referring.

(Compl. at 2.)  He indicates that he was denied due process of the law when the defendant enforced

the financial sanction of the sentence prior to the conclusion of appellate review.  He states that this

was a malicious act as he "had the right to receive gifts from family and friends, uninhibited by collection proceedings, while serving an unrelated term of imprisonment." (Compl. at 2.) Immediately upon the reversal of his conviction, collection of restitution payments assessed as part of that sentence were discontinued. Payments then began to be deducted for court costs pertaining to his other conviction. Mr. Peterson states that this case involved misdemeanor charges of failure to comply and assault, which carry a maximum penalty of either six months incarceration or a fine. He reasons that because he is incarcerated and the court is collecting court costs from his prison trust account, it is a violation of the Double Jeopardy Clause.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976);

---

[1]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best

professional judgment both in deciding which suits to bring and in conducting them in court.

Skinner v. Govorchin, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006).

This duty could not be properly performed if the prosecutor is constrained in making every decision

by the potential consequences of personal liability in a suit for damages.  Id.  These suits could be

expected with some frequency, for a defendant often will transform his resentment at being

prosecuted into the ascription of improper and malicious actions to the State's advocate.  Imbler,

424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7.  Absolute immunity is

therefore extended to prosecuting attorneys when the actions in question are those of an advocate."

Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir. 2003).  Immunity is granted not only for actions

directly related to initiating a prosecution and presenting the State's case, but also to activities

undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason

v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002). The immunity also reaches beyond the criminal

process to conduct in civil proceedings where a government attorney is operating in an enforcement

role in "initiating ... judicial proceedings," Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir.2000), or

"undertak[ing] the defense of a civil suit," Al-Bari v. Winn, No. 89-5150, 1990 WL 94229, at *1

(6th Cir. July 9, 1990).  In this instance, the challenged actions of Columbiana County Prosecutor

Robert Herron were all intimately associated with the judicial phase of Mr. Peterson's prosecutions.

The complaint contains no facts which indicate that the prosecutor participated in any other kind

of activity.  Consequently, Mr. Herron is entitled to absolute immunity.

Moreover, Mr. Peterson appears to be challenging his sentence for the misdemeanor

charges.  It is not clear whether the court costs mentioned are a fine imposed by the sentencing

court, or whether they are the operating costs of the court which are assessed to one or both of the

parties at the conclusion of a case.  Nevertheless, Mr. Peterson is claiming that double jeopardy

attaches to the inclusion of these costs in his sentence.

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits

of those claims would affect the validity of his conviction or sentence, unless the conviction or

sentence has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey,

512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive,

declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir.

May 5, 1998).  The assessment of court costs as part of the judgment at his sentencing on the

grounds of double jeopardy certainly calls into question the validity of the sentence.  Plaintiff does

not allege his sentence has been declared invalid by either an Ohio state court or a federal habeas

corpus decision.  His claims must therefore be dismissed

. **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 11/21/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE